PIERCE, Justice,
for the Court:
¶ 1. On March 8, 2012, an incident occurred at West Lauderdale High School which led to the suspension and eventual expulsion of four male students. On March 9, 2012, the principal notified the four students’ parents and/or guardians of the immediate suspension, which was to occur March 19 through March 23, 2012 (following a week of Spring Break). The four male students, for purposes of anonymity, are identified herein as C.D., E.F., G.H., and I.J. On March 23, 2012, the principal contacted the parents and/or guardians and notified them that the four male students were recommended for expulsion for one calendar year. The matter was pending before the school board, and if the board approved the recommendation, the students could request a hearing before the school board to continue the suspension until such hearing occurred. Three of the four students, E.F., C.D., and G.H., requested a hearing, which was set for April 3, 2012.
¶ 2. Prior to the disciplinary hearing, parents of E.F. and C.D. applied for separate ex parte temporary restraining orders (TROs) in the Lauderdale County Youth Court. The ex parte temporary restraining orders were granted without notice on March 28 and March 30, respectively, ordering that E.F. and C.D. be allowed to return to school and enjoining the superintendent and school board from expelling them or assigning them to an alternative school. These two TROs were set for hearing on April 2, 2012. At the hearing, the school district objected to reenrollment because the youth court lacked jurisdiction to order the students’ return to school. Nonetheless, the court ordered the reen-rollment.
¶ 3. The school board held a hearing on April 3, 2012, on the recommendation for expulsion of the four students. After the hearing, the school board expelled all four students for one calendar year on the basis that their presence in school was a safety concern for other students and their actions had constituted a violent act. Although none of the students filed a procedurally proper bill of exceptions or appeal ■with the local courts, on April 10, 2012, C.D. and E.F., through counsel, moved the youth court for reenrollment. The youth court granted this motion and treated it as an appeal on the record of the expulsion and “not a matter de novo.” The youth court relied on Mississippi Code Section 43-21-621, which allows youth courts to reenroll students under certain circumstances. See Miss.Code Ann. § 43-21-621 (Rev.2009). The youth court found that the students’ actions did not fit either category of the statute, which does not permit a youth court to reenroll students expelled for commission of a violent act or an offense threatening the safety of others.
¶4. The youth court further criticized the school board’s hearing, citing due-process concerns, because it was not held before an independent hearing officer. Additionally, the school board was reprimanded because the hearing was held pri- or to the students’ criminal trials, at which they chose to plead the Fifth Amendment. The youth court then imposed additional requirements on the school board, such as requiring the school to provide the same subjects and credits, if the students were placed in alternative schools upon reenrollment.
¶ 5. Shortly thereafter, the school board timely appealed the youth court’s decision to this Court and moved the youth court to stay its judgment pending appeal. Superintendent Randy Hodges was named in an amendment of the notice of appeal on May *809 9, 2012. On July 25, 2012, the youth court denied the board’s and superintendent’s motion to stay pending appeal, and the school board moved this Court to impose a stay on the underlying judgment until a final decision on the merits could be reached. On August 15, 2012, this Court granted the motion to stay and expedited the appeal.
FACTS
¶ 6. All events giving rise to the sexual battery underlying this case allegedly occurred on March 8, 2012, after school had ended for the day. K.L., a seventh-grade female student, was at track practice at West Lauderdale High School when she left practice momentarily to go to the restroom in the school gym. Track practice was held at the school football field, as there was no separate track field. As K.L. left the restroom, which was located in the girls’ locker room, C.D., E.F., G.H., and I.J., allegedly entered the same room. It is alleged that E.F. came up behind K.L. and pulled her gym shorts down, and then he put a condom on himself. Allegedly, K.L. walked into an adjoining room and the male students followed her. Then, one of the boys allegedly pulled her into his lap and penetrated her with his fingers, and another followed suit. Next, E.F. allegedly tried to push her head down to perform oral sex on him.
¶ 7. During the alleged incident, KL.’s classmate, M.N., went to look for K.L. He allegedly heard her crying from the locker room, so he went to see what was happening. He stated that he saw two of the male students guarding two doors and K.L. lying on the floor while E.F. was attempting to force K.L. to perform oral sex on him. K.L., upon seeing M.N., ran over to him, and M.N. grabbed KL.’s hand and took her from the room.
¶ 8. Principal Kevin Cheatham reported these allegations to the sheriffs office. An investigation began, and the boys gave statements.
¶ 9. The issues before this Court are:
1) Whether the youth court has the authority pursuant to Mississippi Code Section 43-21-621 to order the Lauderdale County School Board to reenroll E.F. and C.D.;
2) Whether the school board was required to await the conclusion of a student’s criminal trial before it conducted a procedurally and constitutionally proper expulsion hearing;
3) Whether C.D. and E.F.’s joint petition to the youth court was improper, as no statutorily mandated appeal to the Lauderdale County Circuit Court was ever taken, and whether the school board’s decision to expel E.F. and C.D. was arbitrary and capricious and supported by substantial evidence; and
4) Whether the youth court exceeded its authority in requiring the school board to provide C.D. and E.F. the same courses at the alternative school as they were taking at the high school.
¶ 10. Because Issue One is dispositive, we need not address Issues Two, Three, and Four.
DISCUSSION
I. Whether the Youth Court has the authority pursuant to Mississippi Code Section 43-21-621 to order the Lauderdale County School Board to re-enroll E.F. and C.D.
¶ 11. Mississippi Code Section 43-21-621 governs a youth court’s power with regard to the reenrollment of students. This statute states: “The youth court may, *810 in compliance with the laws governing education of children, order any state-supported public school in its jurisdiction after notice and hearing to enroll or re-enroll any compulsory-school-age child in school, and further order appropriate educational services.” Miss.Code Ann. 43-21-621 (Rev.2009). However, any student who has been suspended or expelled by a public school for possession of a weapon on school grounds, for an offense involving a threat to the safety of other persons, or for the commission of a violent act shall not be reenrolled. Id. The statute defines a violent act as “any action which results in death or physical harm to another or an attempt to cause death or physical harm to another.” Id. The superintendent of the school district to which such child is ordered may assign the child to the alternative-school program of the district, and the court will have jurisdiction to enforce school and education laws. Id.
¶ 12. The Lauderdale County School Board raises two parts to this issue: 1) Because the students (E.F. and C.D.) are not “compulsory-school-age” children as defined by the statute empowering a youth court to order reenrollment of an expelled student, the youth court has no power to reenroll them; and 2) the sexual battery allegedly committed by E.F. and C.D. was a “violent act,” or an “offense involving a threat to the safety of other persons,” such that the governing statute prohibits the youth court from ordering their reenrollment.
¶ 13. As stated above, the youth court has the power to reenroll students who have been suspended or expelled from public school if the student is of “compulsory school age.” In other words, a “child who has not attained the age of seventeen (17) years on or before September 1 of the calendar year” is entitled to intervention by a youth court pursuant to Section 43-21-621. Miss.Code Ann. § 37-13-91 (Rev. 2007).
¶ 14. Because both students turned seventeen before September 1, 2012 (C.D. turned seventeen on October 15, 2011, and E.F. turned seventeen on July 23, 2011), the students’ ages are undisputed. The statute clearly defines what the Legislature meant by “compulsory school age.” The students argue that, although they are not of compulsory school age, the youth court still has general jurisdiction over them. However, because the statute states otherwise with regard to reenrollment of students expelled from school, we find that the youth court did not have power over the students to order their reenrollment under this statute.
¶ 15. Second, the school board argues that the youth court exceeded its authority by ordering reenrollment of E.F. and C.D., because the students were expelled for the commission of a “violent act” or an “offense threatening the physical safety of others.” We agree. The youth court, in its Order, stated that the actions of the students were not “violent,” because the victim was not harmed or injured in any way. This Court intends to make clear that, should evidence indicate that a sexual assault or attempted sexual assault occurred, it is, without question, a violent act.
¶ 16. Mississippi Code Section 43-21-621 states that:
The youth court shall not order the enrollment or reenrollment of a student that has been suspended or expelled by a public school ... for possession of a weapon on school grounds, for an offense involving a threat to the safety of other persons or the commission of a violent act. For the purpose of this section “violent act” means any action which results in death or physical harm *811 to another or an attempt to cause death or physical harm to another.
Miss.Code Ann. § 43-21-621 (Rev.2009).
¶ 17. If the evidence the school board was presented indicated that a sexual assault occurred, then it was, without a doubt, a violent act.. Thus, the youth court, pursuant to Mississippi Code Section 43-21-621, did not have the power to order the reenrollment of the students for committing a violent act on school campus.
CONCLUSION
¶ 18. The youth court exceeded its statutory authority by reenrolling C.D. and E.F. in high school and/or alternative school, because 1) the students (C.D. and E.F.) are not “compulsory-school-age” children, as defined by the statute empowering a youth court to order reenrollment of an expelled student the youth court has no power to reenroll them; and 2) the youth court would not have the power to order the reenrollment of the students for committing a violent act on school campus, pursuant to Mississippi Code Section 43-21-621. Because the discretion in this situation lies in the school board’s hands, and not the youth court’s, the decision of the Lauderdale County Youth Court is hereby reversed and rendered.
¶ 19. REVERSED AND RENDERED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR.